IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Vesuvius USA Corporation, | Case No. 25-cv-2706-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Josh Gammariello, et al., | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Plaintiff Vesuvius USA Corporation's ("Vesuvius") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (Doc. Nos. 2 and 3.) For the following reasons, that portion of Vesuvius' Motion requesting a Temporary Restraining Order is denied without prejudice.

I. **Background**

This case relates to Defendant Josh Gammariello's ("Mr. Gammariello") decision to leave his job with Vesuvius and to take a new job with Defendant HA-International LLC ("HAI"). Vesuvius generally alleges in its Complaint, that "Mr. Gammariello executed a written employment agreement [with Vesuvius] containing restrictive covenants, including non-competition, non-solicitation, and confidentiality obligations." (Doc. No. 1, ¶ 2.) "After resigning from Vesuvius USA, Mr. Gammariello immediately accepted employment with HAI, a direct competitor of Vesuvius USA." (*Id.* at ¶ 3.) Vesuvius alleges that "HAI has placed or intends to place Mr. Gammariello in a role that impermissibly overlaps with his former role and responsibilities at Vesuvius USA." (*Id.* at ¶ 4.) Vesuvius alleges that "Defendants' ongoing conduct places Vesuvius USA at imminent risk of irreparable harm, including the loss of customer goodwill, the erosion of competitive advantage, price

undercutting, and head-start gains on critical product lines" and that "[i]njunctive relief is necessary." (*Id.* at ¶ 6.)

In its December 12, 2025 Complaint, Vesuvius brings claims related to Mr. Gammariello's decision to accept employment at HAI for (1) Breach of Contract (Count I); (2) Threatened Misappropriation and/or Inevitable Misappropriation under the Defend Trade Secrets Act (Count II); (3) Threatened Misappropriation and/or Inevitable Misappropriation under the Ohio Uniform Trade Secrets Act (Count III); (4) Tortious Interference with Existing Contract (Count IV); and (5) Unjust Enrichment (Count V). Vesuvius also filed the Motion requesting that the Court issue a temporary restraining order and preliminary injunction, which:

1. enjoins and restrains the Defendants from directly or indirectly using or disclosing Vesuvius USA's trade secrets and confidential information;

2. enjoins and restrains Mr. Gammariello from employment in any role with HAI that violates Section 4 of his Employment Agreement, including, without limitation, any role at HAI that competes with Vesuvius with respect to Products or Customers (as defined therein) with which he was involved or about which he is knowledgeable, for the duration of the contractually specified period;

3. enjoins and restrains HAI from interfering with Vesuvius USA's Employment Agreement with Gammariello;

4. directs Defendants to immediately return and/or delete any and all Vesuvius USA confidential and proprietary information in Defendants' possession, custody, or control; and

5. orders any other relief that is just and proper under the circumstances.

(Doc. No. 2, PageID #54–55.)

**II. Analysis**

Federal Rule of Civil Procedure 65 addresses injunctions and temporary restraining orders and "provides the procedure that the district court must follow when granting injunctive relief." *First Tech. Safety Sys. Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Rule 65(b)(1) provides, in relevant part, as follows:

> **(b) Temporary Restraining Order**.
>
> **(1) Issuing Without Notice**. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Advisory Committee Notes to Rule 65 further explain that "[i]n view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted." Fed. R. Civ. P. 65, Advisory Committee's note (1966 Amendment). As the Sixth Circuit has explained, "[t]he Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys.*, 11 F.3d at 650 (internal quotation marks omitted).

For this reason, district courts in this Circuit have found that the requirements set forth in Rule 65(b)(1) must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-cv-060, 2015 U.S. Dist. LEXIS 34406, at *4 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952); *see also*

*Clinton Solart LLC v. Stoll*, No. 1:23-cv-206, 2023 U.S. Dist. LEXIS 70126, at * 2 (S.D. Ohio April 20, 2023).  This is because "[t]he requirements of Rule 65(b)(1) are not merely technical niceties that courts may easily disregard, but rather crucial safeguards of due process." *Harris v. Plank*, No. 1:25-cv-00103, 2025 U.S. Dist. LEXIS 114963, at *5 (N.D. Ohio June 17, 2025) (quoting *Nana Tchienkou v. Net Trust Mortg.*, No. 3:10-CV-00023m 2010 U.S. Dist. LEXIS 57298, at *2–3 (W.D. Va. June 9, 2010)).  Accordingly, requests for temporary restraining orders are routinely denied without prejudice for failure to comply with the certification requirement in Rule 65(b)(1).  *See, e.g., Centa v. Portage Cnty.*, No. 5:25-cv-1947, 2025 U.S. Dist. LEXIS 184186, at *2 (N.D. Ohio Sept 17, 2025) ("Nowhere does Centa's counsel certify 'the reasons why [notice] should not be required' . . . [t]his is fatal to the motion"); *Sophia Parker Studios, Inc. v. Temperley*, No. 1:24cv2086, 2024 U.S. Dist. LEXIS 217904, at *28 (N.D. Ohio Dec. 3, 2024) (denying request for a temporary restraining order when the plaintiff failed to comply with Rule 65(b)(1)) (Barker, J.);  *accord Davis v. Colerain Twp.*, No. 1:24-cv-56, 2024 U.S. Dist. LEXIS 22318, at *4 (S.D. Ohio Feb. 8, 2024); *Slave Legacy, LLC v. Son of Slave*, No. 3:23-cv-152, 2023 U.S. Dist. LEXIS 101414, at *15–16 (S.D. Ohio June 9, 2023); *Clinton Solart LLC*, 2023 U.S. Dist. LEXIS 70126 at *3; *Moore v. U.S. Center for SafeSport*, 685 F.Supp.3d 490, 495 (E.D. Mich. 2023).

Here, Vesuvius' Motion does not contain a certification from Vesuvius' attorney regarding "any efforts made to give notice and the reasons why it should not be required."  The Court notes that the certificate of service provides that counsel "submitted the [Motion] for personal service via process server" to Mr. Gammariello and to HAI counsel.  There is no indication on the docket that the process server delivered, or has even attempted to deliver, the Motion.  Indeed, despite having

HAI's counsel's email (see Doc. No. 1–7), there is nothing in the record to indicate that Vesuvius even emailed a copy of the Motion to HAI's counsel.

Furthermore, "the normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found[,] ... [or] where notice to the defendant would render fruitless further prosecution of the action. *Sophia Parker*, 2024 U.S. Dist. LEXIS 217904 at *26 (quoting *First Tech. Safety Sys., Inc.*, 11 F.3d at 650). Vesuvius has completely failed to articulate how this case falls within either of these circumstances.

The Court therefore finds that Vesuvius' Motion fails to comply with Rule 65(b)(1)(B). For this reason, the Court denies Vesuvius' request for a temporary restraining order.

## III. Conclusion

For the reasons set forth herein, that portion of Vesuvius' Motion requesting a Temporary Restraining Order is denied without prejudice. (Doc. Nos. 2 and 3.) Vesuvius is hereby ORDERED to serve, pursuant to Rule 4, copies of the Complaint and the Motion (as well as all Exhibits thereto) and a copy of this Order on the Defendants, and to promptly file proof of service on these Defendants once service has been perfected. Once Defendants have been served and appear in this action, the Court will set a status conference to discuss a briefing schedule and hearing date relating to that portion of Vesuvius' Motion requesting a preliminary injunction.

**IT IS SO ORDERED.**

Date: December 15, 2025

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE